E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
ZAKARIYA K. VARSHOVI[1]
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    T: (213) 894-2471; F: (213) 894-7819
    E-mail: Zakariya.Varshovi@usdoj.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LINDSAY OKONOWSKY,<br><br>    Plaintiff,<br><br>    v.<br><br>MERRICK GARLAND,<br><br>    Defendant. | No. 2:21-cv-07581-VAP(ASx)<br><br>**PROTECTIVE ORDER**<br><br>Honorable Alka Sagar United States Magistrate Judge |

---

[1] Admitted to practice under Local Rule 83-2.1.4.1. *See* Order, In Re Application of Zakariya K. Varshovi For Admission Pursuant To Local Rule 83-2.1.4.1, C.D. Cal. No. 2:22-cm-00014-PSG (Jan. 30, 2023).

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel and subject to Court approval, that a Protective Order be issued to permit Defendant to release specified documents and information in this litigation.

## I. Purpose of Stipulation for Protective Order

A. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), alleging that as an employee of the Federal Bureau of Prisons she was subjected to sexual harassment and discrimination resulting in a hostile work environment. Defendant is defending this action based on, among other things, its contention that Defendant exercised reasonable care to investigate and remedy the conduct, which it contends did not amount to a hostile work environment.

B. Defendant possesses or has access to the following documents and information which may be relevant to the parties' claims or defenses, that contains information protected from disclosure by the Privacy Act of 1974[2], 5 U.S.C. § 552(a) et seq., specifically:

    1. an April 16, 2020 referral to the Employee Assistance Program; and

    2. an April 16, 2020 cease and desist order;

both of which were issued to a non-party employee of the Federal Bureau of Prisons.

C. The parties submit that the need for disclosure of the foregoing categories of documents and information outweighs any potential harm to nonparties, provided that appropriate safeguards are imposed and that the disclosed documents and information are used solely in this litigation.

D. This Stipulation permits Defendant to produce the specified documents and information, but does not require production.

---

[2] The Privacy Act generally prohibits Defendant from disclosing "records" of individuals without their consent. *See* 5 U.S.C. § 552a(a)(4), (b). Disclosure is permitted, however, if made "pursuant to the order of a court of competent jurisdiction." *Id.* § 552a(b)(11).

1

E. This Stipulation is not intended to affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

F. Neither the Stipulation nor Protective Order constitutes a ruling on whether a particular document or category of information is discoverable or admissible.

G. Nothing in this Stipulation prohibits a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

H. Nothing in this Stipulation waives the right of Defendant to use, disclose, or disseminate documents or information in accordance with the provisions of the Privacy Act or other statutes, regulations, or policies.

I. The Department of Justice, the United States Attorney's Office, and the Federal Bureau of Prisons shall bear no responsibility or liability for any disclosure made pursuant to the Protective Order sought by this Stipulation.

II. Disclosure and Use of Protected Material

A. Documents produced pursuant to the Protective Order shall be designated by stamping "Confidential" on the pages of the document. Other than first and last names, work addresses and work phone numbers, personally identifiable information shall be redacted.

B. The documents and information designated as subject to the Protective Order ("Protected Material") are to be used solely for the purpose of this litigation and not for any other purpose whatsoever.

C. If Defendant believes that a response to a discovery request concerns the documents and information that are subject to the Protective Order, counsel will designate that response as subject to the Protective Order by interposing the phrase "Protected Material" prior to the response.

D. Testimony taken at a deposition regarding the documents and information that are subject to the Protective Order, may be designated as Protected Material by making a statement to that effect on the record at the deposition. Arrangements must be

made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing such designated information, and to label such portions appropriately.

   E. Protected Material may be disclosed only to:

    (a) Counsel of record for the Plaintiff;

    (b) Plaintiff who is permitted to review Protected Material provided that Plaintiff executes the attached Agreement to be Bound by Protective Order. Plaintiff shall not be given a copy of the Protected Material to retain;

    (c) Expert witnesses or consultants retained by counsel, whether or not retained to testify at any oral hearing in this action, but only to the extent that disclosure is necessary to aid in the formation of the expert's or consultant's opinions in this matter; provided that they agree to be bound by the terms of this Order and execute the Agreement to Be Bound by Protective Order attached hereto. Said expert or consultant shall not be given a copy of the Protected Material to retain;

    (d) The person(s) specifically identified in the Protected Material or the person(s) who sent or received the Protected Material if they are deposed by Plaintiff; and

    (e) Court reporter(s) employed in this action.

   F. No party shall lodge or file documents, pleadings, transcripts, or other materials in this litigation that contain or disclose Protected Material without obtaining Court approval to lodge or file the Protected Material under seal pursuant to Local Rule 79-5.1  All documents, pleadings, transcripts, or other materials lodged or filed in this litigation (including any appeal) that contain or disclose Protected Material must be submitted under seal. All deposition transcripts that contain or disclose Protected Material must be maintained under seal and subject to the Protective Order even if they are not lodged or filed with the Court. The Parties further agree to meet and confer regarding the manner and method for use of the Protected Material at trial.

   G. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is

unintentionally produced by Defendant, Defendant may request that the document be returned. In the event that such a request is made, all recipients shall promptly return all copies of the document in their possession, custody, or control to the Defendant and shall not retain or make any copies of the document or any documents derived from such document. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

  H. If Plaintiff's counsel learn that, by inadvertence or otherwise, they have disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, they must immediately (a) notify Defendant in writing of the unauthorized disclosures, (b) use their best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the attached Agreement to be Bound by Protective Order.

  I. Within 30 days of the termination of this litigation (including any appeal), Plaintiff's counsel of record must return to Defendant all originals or duplicates (as defined by Federal Rule of Evidence 1001) of Protected Material, not including documents filed with the Court. Plaintiff's counsel must notify the District Court in writing that all Protected Material has been returned to Defendant. If Plaintiff's counsel fails to do so, Defendant may immediately file a notice of noncompliance to obtain from the Court an Order to Show Cause why sanctions should not be imposed.

  J. The parties agree to the foregoing previsions in both form and substance, and consent to entry of the concurrently filed [Proposed] Protective Order.

4

| | | |
|---|---|---|
| 1 | Dated:  March 8, 2023 | Respectfully submitted, |
| 2 | | Brock & Gonzales, LLP |
| 3 | |    /s/ *Lindsay L. Bowden, Esq* |
| 4 | | LINDSAY L. BOWDEN<br>CORY H. HURWITZ<br>D. AARON BROCK |
| 5 | | Attorneys for Plaintiff Lindsay Okonowsky |
| 6 | Dated: March 8, 2023 | E. MARTIN ESTRADA<br>United States Attorney |
| 7 | | DAVID M. HARRIS<br>Assistant United States Attorney |
| 8 | | Chief, Civil Division<br>JOANNE S. OSINOFF |
| 9 | | Assistant United States Attorney<br>Chief, General Civil Section |
| 10 | | |
| 11 | |  /s/ *Zakariya K. Varshovi*\*<br>ZAKARIYA K. VARSHOVI |
| 12 | | Assistant United States Attorney |
| 13 | | Attorneys for Defendant Merrick Garland |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  March 10, 2023

   / s / Sagar
_____
Honorable Alka Sagar
United States Magistrate Judge

---

\* Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

5

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LINDSAY OKOWNOWSKY,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK GARLAND,<br><br>Defendant. | No. 2:21-cv-07581-VAP(ASx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned, having read and fully understood the terms of the Protective Order entered by the Court in the above-captioned action, hereby agrees to be bound thereby. The undersigned agrees that Protected Material, as defined in the Stipulation for Protective Order, may be used only in this litigation and not for any other purpose whatsoever. The undersigned agrees not to disseminate or disclose Protected Material or the contents thereof.

DATED:_____     Name (Print):_____

                                  Signature:_____